UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2-08-CR-96 JVB |
| | ) | |
| JASON EUGENE CLINTON | ) | |

**OPINION AND ORDER**

On June 9, 2008, the Lake County Sheriff's Department received a dispatch from the Brown County Sheriff's Department that Defendant Jason Clinton was suspected of stealing a high-powered firearm. Asked about the gun, the Defendant claimed to know nothing about it and urged the officers to search the car. The officers did and found a gun in the trunk of the car. Ten days later, the grand jury charged the Defendant with being a felon in possession of a weapon.

On October 1, 2008, the Defendant moved to suppress the firearm, claiming that the officers' search violated the Fourth Amendment to the United States Constitution as they had neither reasonable suspicion to stop him nor probable cause to search the car. He also claims that he did not consent to the search. On November 12, the Court held an evidentiary hearing on the Defendant's motion, after which the parties submitted supplemental briefs. In his supplemental brief, the Defendant concedes that Officer Orlich had reasonable suspicion to stop and detain him, but he continues to insist that the officers did not properly get his consent for the search. He also argues that the inevitable discovery doctrine does not apply in this case because the Sheriff Department's inventory procedure for towed automobiles is unlawful.

**A.	Facts**

Having assessed the testimony and credibility of the witnesses at the evidentiary hearing, the Court finds the following facts as they relate to the Defendant's Motion to Suppress:

On the morning of June 9, 2008, the Defendant's stepfather informed the Brown County Sheriff's Department that sometime during the previous night, the Defendant had stolen his gun and had driven away in a blue Ford Taurus. The Brown County Sheriff's Department then issued an alert bulletin that the Defendant was suspected of stealing a firearm. The Lake County Sheriff's Department received the alert and relayed it to its officers, one of whom was Officer Samuel Orlich, who knew the Defendant from previous encounters and arrests. The dispatch advised that the Defendant's driver's license was suspended.

Around noon of the same day, Officer Orlich saw the Defendant in a blue Ford Taurus at the Ridge Road and Gary Street intersection, in Gary Indiana. Once the Defendant saw that Officer Orlich noticed him, he tried to cover his face and look away. Officer Orlich stopped the Defendant and called Sargent Lang and Officer Breitweiser for assistance because he knew that the Defendant had previously resisted police officers. Once Sargent Langer and Officer Breitweiser arrived, they asked the Defendant several times to get out of the car, but he refused. The officers then forcibly removed him. They also asked his passenger to get out, and he complied. Officer Orlich placed the Defendant in his squad car, advised him of his Miranda rights (Tr. at 90:9–22),[1] and asked him where the gun was. Officer Orlich also told the Defendant

---

[1]On November 11, 2008, the government filed a notice stating that—
For purposes of the motion to suppress, the government will agree that there would be evidence allowing this Court to find that the defendant consented to the search of the car he was driving *prior* to being read his *Miranda* rights. There would also be ample evidence for this Court to find that the defendant invoked his *Miranda* rights after consenting to the search of the vehicle.
As indicated in the facts section, the Court finds that the Defendant was advised of his *Miranda* before being asked

that they knew that he had been at his stepfather's house earlier and that his stepfather had reported him for stealing a gun. The Defendant answered: "I don't know what you're talking about. I ain't got nothin'. You can search the car. You ain't gonna find nothin'." (Tr. at 24:22–24.)

At this, the officers began searching the car for the gun. Seeing the search, the Defendant's passenger said, "I think what you're looking for is in the trunk." (Tr. at 46:2–3.) The officers opened the trunk and found a .44 Magnum inside a box.

After the gun was recovered, the Defendant was taken to the police station. The Defendant's passenger, who had a previous felony conviction, was also arrested on suspicion of stealing the gun. Lake County has an unwritten policy that anytime a car is towed away, it is inventoried to make sure there is nothing of significant value left inside.[2] The policy was

---

about the gun.

[2]Officer Orlich testified that one of the purposes of Lake County's inventory policy was to recover contraband from cars:
> The purpose of the inventory search is to check to make sure no personal valuables of monetary value are left behind inside the vehicle. Or to make sure there are no illegal weapons, or any kind of drug paraphernalia, or drug contraband left behind.

(Tr. at 19:14–18.)

The Court finds that the last sentence of Orlich's testimony represents his own subjective understanding that inventories may legitimately yield contraband, but that the inventory policy at Lake County Sheriff's Department is not for the purpose of getting around the Fourth Amendment. After all, Officer Breitweiser, who also testified about the purpose of the policy stated that the inventory search is conducted to prevent later unfounded claims from the car's owner:
> The reason being, if there's anything of value in there, you need to be documenting it in the report and so, in the event -- or if there's any other damage to the car. So again, once it gets towed, the owner of the car -- if something's missing, you know, it's documented in your report whatever was or was not there, or damage to the vehicle, as well.

(Tr. at 41:5–13.)

Sargent Lang concurred:
> Any time a vehicle is impounded because of an arrest, because the vehicle is an abandoned vehicle, due to the vehicle being involved in an accident, anytime a vehicle is towed away from the scene of whatever situation we are dealing with, we inventory the vehicle and make sure there is nothing of significant value left inside the vehicle.

(Tr. at 70:16–21.)

3

employed in this case as well. Although the car belonged to the Defendant's girlfriend, the officers did not contact her at the time of the incident.

**B.      The Defendant's Motion to Suppress**

In his motion to suppress, the Defendant insists that the Lake County police officers violated the Fourth Amendment by searching his car without a warrant and without probable cause to believe that he possessed contraband. He also maintains that the officers did not have his free consent to search the car. And finally, the Defendant argues that the Lake County Sheriff Department's inventory procedure for towed automobiles is improper, which prevents the government from invoking the inevitable discovery doctrine.

None of the Defendant's arguments persuade the Court to grant his motion.

The officers were justified in searching the Defendant's car, including the trunk, because they had probable cause to believe that it contained contraband. *See United States v. Patterson*, 65 F.3rd 68, 70 (7th Cir. 1995). On the morning of June 9, the Defendant's stepfather reported that the Defendant had stolen his gun and that he was driving a blue Ford Taurus. At noon of the same day, Officer Orlich saw the Defendant driving a car that matched the description in the alert bulletin issued by the Brown County Sheriff's Department. Because the Brown County alert had been issued just a few hours earlier, Officer Orlich and his fellow policemen had probable cause to believe that the firearm was still located in the car, and thus were justified in searching for it in all places where it could reasonably be found, including the trunk of the car. *See id*. ("A search of an automobile based on probable cause lawfully extends to all parts of the vehicle in which contraband or evidence could be concealed, including closed compartments and trunks.")

(quoting *United States v. Young*, 38 F.3d 338, 340 (7th Cir.1994)). The Defendant's attempt to evade Officer Orlich by hiding his face and turning away further confirmed the officers' beliefs.

In addition, the Defendant freely consented to the search. Once Officer Orlich placed the Defendant in a squad car and informed him of his right to remain silent, he asked the Defendant where the gun was and explained to him that they knew that he was suspected of stealing a gun. The Defendant's response was "I don't know what you're talking about. I ain't got nothin'. You can search the car. You ain't gonna find nothin'." (Tr. at 24:22–24.) Thus, the Defendant volunteered that the officers should search the car, even before they asked for his permission. No evidence was introduced at the hearing to suggest that the officers somehow forced the consent or that the Defendant's will was overpowered by the circumstances. In fact, the opposite is true: the Defendant had been in the squad car only briefly; he had been advised of his Miranda rights; he is over thirty years old and has had extensive experience with the criminal justice system. All these things suggest that the Defendant knew what he was doing and did so freely. The Defendant's broad invitation—"You can search the car; You ain't gonna find nothin'"—gave the officers permission to search the entire car, including the trunk.

But even if the search had exceeded the Constitutional parameters in this case, the gun would nevertheless be admitted in evidence at trial, as it would have inevitably been discovered through an inventory search. Both the Defendant and the passenger were arrested on suspicion of stealing a firearm, and there was no one to drive the car. As a result, the car was towed, and as part of the procedure, it was inventoried by the officers to make sure no valuables were left in it. The Lake County police officers follow this procedure every time a car is towed, and they search the entire car including the trunk. Therefore, there is no basis for suppressing the gun. *See Nix v.*

*Williams*, 467 U.S. 431, 446 (1984) ("Exclusion of physical evidence that would inevitably have been discovered adds nothing to either the integrity or fairness of a criminal trial."). While the Defendant argues that the owner of the car, his girlfriend, should have been called to take possession of the car, he is unable to show that the officers were required to take this extra step. In fact, creating such requirement would unnecessary burden police officers.

**C.     Conclusion**

At the evidentiary hearing, the government met its burden of showing that, although the Lake County police officers searched Defendant's car without a warrant, their search was justified because the Defendant consented to it and because they had probable cause to believe that the car contained contraband. Moreover, the government has demonstrated that, even if the officers had not searched the car immediately, the firearm would have inevitably been found as a result of the inventory search. For these reasons, the Court denies the Defendant's motion to suppress (DE 8).

SO ORDERED on December 30, 2008.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE