# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 2-08-CR-96 JVB |
| | ) | |
| JASON EUGENE CLINTON | ) | |

## OPINION AND ORDER

On June 19, 2008, a Federal Grand Jury charged Defendant Jason Clinton with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On January 15, 2009, a petit jury returned a verdict of guilty on the charge. On May 27, 2009, the Court began the Defendant's sentencing hearing but recessed to consider the Defendant's objections to the Presentence Report.

The Defendant raises two objections to the way his total offense level was calculated. First, the Defendant objects to paragraph 21 of the Presentence Report: he claims that his base offense level should be 14 rather than 20 because he has not been convicted of a crime of violence. The Defendant's second objection concerns paragraph 25 of the Presentence Report, which accords him a two level increase in the offense level for obstructing or impeding the administration of justice. The Court will address these objections in turn.

**A. Defendant's Objection to ¶ 21**

In paragraph 21, the Presentence Report sets the Defendant's base offense level at 20 for the Defendant's March 15, 1996, Criminal Recklessness conviction in Lake County, Indiana, case number 45G04-9604-CF-00065, which the Presentence Report categorizes as a conviction

for a crime of violence. The Defendant claims that, because this conviction was for criminal recklessness, it was not a conviction for a crime of violence. Furthermore, the Defendant argues that, in accordance with the *United States v. Smith*, 544 F.3d 781 (7th Cir. 2008), before any enhancement is allowed, the Court must first find that this conviction indicates that he was likely to be violent at the time of the instant offense.

The Court begins its analysis with the directives in the Sentencing Guidelines. In the case of an unlawful possession of a firearm, the Guidelines base offense level is 14 "if the defendant (A) was a prohibited person at the time the defendant committed the instant offense; or (B) is convicted under 18 U.S.C. § 922(d)." U.S.S.G. § 2K2.1(6). The base offense level is 20, if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence . . . .". § 2K2.1(4)(A).

Relying on *United States v. Smith*, 544 F.3d at 782, the Defendant and the government agree that, as it applies to this case, the term "a crime of violence" has the same meaning as the term "violent felony" in 18 U.S.C. § 924(e)(1): "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, . . . that . . . involves conduct that presents a serious potential risk of physical injury to another."[1] 18 U.S.C. § 924(e)(2)(B)(ii). The Seventh Circuit has interpreted this so-called residual clause "to encompass only 'purposeful' crimes." Therefore, "crimes requiring only a *mens rea* of recklessness cannot be considered violent felonies." *Smith*, 544 F.3d at 786.

The Court next turns to the Indiana Criminal Recklessness statute under which the Defendant was convicted on March 15, 1997. This statute criminalizes both non-purposeful and

---

[1]Section 4B1.2(a) uses the same language in defining the term "crime of violence."

purposeful conduct:

> A person who recklessly, knowingly, or intentionally performs:
> (1) an act that creates a substantial risk of bodily injury to another person; or
> (2) hazing;
> commits criminal recklessness.

Ind. Code 35-42-2-2(b). In such a case,

> [w]hen a statute encompasses multiple categories of offense conduct—some of which would constitute a violent felony and some of which would not—we may expand our inquiry into a *limited* range of additional material in order to determine whether the jury actually *convicted* the defendant of (or, in the case of a guilty plea, the defendant expressly admitted to) violating a portion of the statute that constitutes a violent felony. These additional materials are limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Such an examination, however, is " only to determine which part of the statute the defendant violated." This rule is not meant to circumvent the categorical approach by allowing courts to determine whether the actual conduct of the individual defendant constituted a purposeful, violent and aggressive act.

*Smith*, 544 F.3d at 786 (citations omitted).

As directed by *Smith*, in order to determine which portion of the statute the Defendant expressly admitted to when entering his guilty plea to the criminal recklessness charge in Lake County case, this Court has reviewed the plea hearing colloquy between the Defendant and Judge James L. Clement. Here is a portions of that hearing:

THE COURT:
    Would you read the report, please?

[PROSECUTOR]:
    If this matter were to proceed to trial, the State would call Glen Foreman, who would testify that on March 16th, 1996, he was at 2235 Crest Road in Gary, Lake County, Indiana, with the defendant, Jason Clinton.
    He will further testify that they were playing pool in the basement and drinking beer. He would further testify that they got into an argument and Jason Clinton ran upstairs to the kitchen.
    Glen Foreman will further testify that he followed him upstairs. And as he got to the top,

3

Jason appeared at the top of the stairs with a knife and stabbed Glen Foreman in the stomach, chest, and cut his wrist.

Glen Foreman would further testify he received treatment at Munster Community Hospital and had to undergo surgery for the stab wounds to his stomach and chest.

The State would further present evidence, by way of medical records, that Glen Foreman did suffer injuries to his colon and abdomen as a result of the stabbing and also to a nerve in his right wrist.

THE COURT:
Jason, you are eighteen years old?

BY THE DEFENDANT:
Yes, sir.

THE COURT:
What happened here?

BY THE DEFENDANT:
I got in an argument because he said - -

THE COURT:
You and Foreman?

BY THE DEFENDANT:
Me and Foreman got in an argument. And he said that I stole a twelve-pack of beer. And we were high on cocaine. And he had an attitude. And he just kept, you know, wanting to fight me for like two or three hours. And we were downstairs and he pushed me.

And I come upstairs to get, you know, get me some pizza because I was hungry. I was cutting a piece of pizza. And he ran up behind me. And I turned around and stabbed him.

THE COURT:
Why did you do that?

BY THE DEFENDANT:
I thought I was acting in self defense. But I stabbed him too many times.

THE COURT:
Did he have a knife?

BY THE DEFENDANT:
No, sir, he didn't.

THE COURT:
You know, you are entitled to use, we call it deadly force, if you use a knife or gun, if at

that time that you reasonable belief that, that person is going to cause serious bodily harm or death to you. Do you understand that? Now are telling me that is what you thought? He is a friend of yours. You guys have been playing pool all night. He is a buddy of yours. Was he?

BY THE DEFENDANT:
    Yes, sir, he was.

THE COURT:
    And you thought he was going to kill you or cause serious bodily injury to you over a foolish argument about a six-pack of beer?

BY THE DEFENDANT:
    I didn't know.

THE COURT:
    You understand you have the right to present that? If, in fact, you were defending yourself under the law, then you should be found not guilty. You have the right to present that to a jury and let them decide.

BY THE DEFENDANT:
    Yes, sir. I know that.

THE COURT:
    Do you understand that?

BY THE DEFENDANT:
    Yes.

THE COURT:
    But you feel that rather than do that, you - - of course, if you went to trial, you would go to trial on the class C felony. That carries a penalty of up to eight years. You are pleading guilty to a felony with the maximum of three years. And it is your decision, rather than go to trial on the class C felony and present what you believe self defense to the jury, you think it is better for you to plead to the class D felony? Is that what you are telling me? I don't want to put words in you mouth. Is that what you are saying here today?

BY THE DEFENDANT:
    Yes, sir.

(Change of Plea Hearing Tr. Cause 45G04-9604-CF-00065 at 11–15.)

The dialogue between Judge Clement and the Defendant shows that the Defendant expressly admitted to violating a portion of the statute that constitutes a crime of violence: "I

stabbed him too many times." The Defendant committed a purposeful act of violence; therefore, the Presentence Report correctly states the base offense level as 20 pursuant to § 2K2.1(a)(4)(A).

The Defendant argues that the Court's finding that he admitted to having committed a crime of violence is insufficient to apply § 2K2.1(a)(4)(A). Instead, he insists that the Court must determine whether, in light of his previous offense, he was likely to commit violence in the future. He then suggests that the March 15, 1996, offense does not indicate any possibility of future violence because that offense resulted from abuse of cocaine and self-defense that went too far.

At the outset, there are two problems with this argument. First, at the change of plea hearing, the Defendant waived any claim of self-defense. Second, there is no indication that the Defendant had ceased using cocaine when he committed the instant offense. In fact, according to the Presentence Report, just few a days before his arrest for the instant offense, he was still using crack cocaine. (Presentence Report ¶ 89.) But in any case, the Court need not make a subjective finding of whether it believes that the Defendant is likely to commit a crime of violence in the future. Just as the law does not differentiate between the types of felons who may not possess firearms, the law does not ask the Court to ascertain the degree of probability that previously violent offenders will repeat their violence.

In short, the Court finds that, pursuant to § 2K2.1(a)(4)(A), the Defendant's base offense level is 20.

### B. Defendant's Objection to ¶ 26

The Court also overrules the Defendant's second objection in which he claims that he did

not obstruct or impede the administration of justice when he testified at his trial.

The sentencing Guidelines require a two-level increase in the offense level when a defendant obstructs or impedes the administration of justice:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (I) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1.

The Guidelines commentary gives an example of perjury as the type of conduct to which this adjustment applies: "committing . . . or attempting . . . perjury, including during the course of a civil proceeding if such perjury pertains to conduct that forms the basis of the offense of conviction." § 3C1.1, Commentary 4(b). Likewise, the Seventh Circuit has long recognized that perjury concerning a material matter warrants an enhancement in the offense level:

> If a sentencing court finds, by a preponderance of the evidence, that the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense," it is permitted under the Sentencing Guidelines to enhance a defendant's offense level by two points. It is well-settled that perjury is an example of conduct that warrants an enhancement for obstruction of justice. One commits perjury if, while under oath, he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."

*United States v. Bermea-Boone*, 563 F.3d 621, 626–27 (7th Cir. 2009) (citations omitted).

The Court finds that the Defendant committed perjury when he denied knowing of the firearm in the trunk of his car. This testimony directly contradicts the jury's verdict; the jury would not have been able to find beyond reasonable doubt that the Defendant was a felon in possession of a weapon unless each member of the jury believed that the Defendant knew of the

7

gun and had control over it. The Court shares in this belief. Accordingly, a two-level increase in his offense level is proper in this case. Contrary to the Defendant's argument, the Defendant is not being punished for exercising his constitutional right to testify in his own defense. Rather, the two-level increase is the result of his having taken an oath to tell the truth and then disregarding this oath by denying that he knew of the gun in his trunk and that he had control over it.

**C. Conclusion**

The Defendant's objections to the Presentence Report are overruled. The Court finds that, according to the United States Sentencing Guidelines, the Defendant's base offense level is 20 and that the Defendant's offense must be enhanced by two levels for his perjury at trial.

SO ORDERED on May 28, 2009.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE